```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Teresa Barry,                     :

    Plaintiff,                :

  v.                              :        Case No. 2:14-cv-2693

James P. O'Grady, et al.,
                                      :        JUDGE EDMUND A. SARGUS, JR.
                                               Magistrate Judge Kemp

    Defendants.               :


<u>ORDER</u>

    This order is intended to reflect the results of a discovery conference held to address Defendant Shaw's response to Plaintiffs' Interrogatories Nos. 10, 16, and 23.  By way of brief background, Defendant Emily Shaw is the Court Administrator for the Franklin County Municipal Court.  The interrogatories at issue asked her to provide information about "concerns expressed by anyone" at the Municipal Court about the "attitude of conduct" of other defendants, including Judge James P. O'Grady and Chief Probation Officer Michael Roth (Interrogatories 10 and 16) and about any complaints made by Plaintiff Teresa Barry concerning inappropriate conduct or comments made by any Judge other than Defendant O'Grady.  Ms. Shaw has agreed to respond to that last interrogatory, so only the other two are at issue.

    Ms. Shaw's current responses to these two interrogatories are as follows:

> **Interrogatory 10**: "Without waiving this Objection, Defendant Shaw agrees to respond as to her awareness of any complaints by FCMC employees that Defendant Judge O'Grady made sexually inappropriate remarks about women and/or harassed or retaliated against employees who had complained about his conduct."

> **Interrogatory 16**: "Without waiving this Objection, Defendant Shaw agrees to respond as to her awareness of any complaints by FCMC employees who transferred to the Probation Department from the Judicial side that they experienced harassment or retaliation while in the Probation Department for complaints they had made about judges."

Plaintiff takes issue with these responses, saying that, as her counsel understood the discussion at the discovery conference, the answer to Interrogatory 10 would include comments that could be viewed as demeaning toward women - not just "sexually inappropriate remarks" - and also would include complaints that Defendant O'Grady harassed or retaliated against other Municipal Court employees regardless of whether such harassment or retaliation was based on the type of conduct (or the actual conduct) involved in this case.

The Court agrees that such complaints might be relevant, for discovery purposes, to the extent that they may show a pattern of harassment of or retaliation against Municipal Court employees for taking issue with how Judge O'Grady treated them.  Whether such evidence would be admissible at trial is not, of course, the issue here, but given the complaint's broad scope, alleging a conspiracy to retaliate against Plaintiff, the existence of other complaints and Judge O'Grady's response to them - if, indeed, there were others - might be probative of Plaintiff's claims.  To that extent, Defendant Shaw shall provide the information sought as Plaintiff has clarified it.  The responses to all three interrogatories shall be provided by July 10, 2014.

/s/ Terence P. Kemp
United States Magistrate Judge